IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | | **CRIMINAL NO.  PX-19-125** |
| | * | |
| **Lesvin Humberto Cardona-Pinto** | * | |
| **Defendant** | | |

\*\*\*\*\*\*
### MEMORANDUM ORDER

Pending before the Court is defendant Lesvin Humberto Cardona-Pinto's motion for compassionate release.  ECF No. 87.  Cardona-Pinto asks this Court to reduce his 30-month prison term to time served in light of the COVID-19 pandemic and his current health conditions. *Id.*  For the reasons set forth below, the Motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable."  Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*  The Court finds that Cardona-Pinto has exhausted his administrative remedies.  *See* ECF No. 95.  Accordingly, the Court must determine whether Cardona-Pinto has shown "extraordinary and compelling reasons" justifying release and whether such release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Importantly, since the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The parties do not dispute that Cardona-Pinto suffers from two comorbidities – diabetes and obesity – which place him at risk for experiencing a particularly severe case of COVID-19. *See People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 7, 2020). With regard to the facility where Cardona-Pinto is residing – Rivers, CI in North Carolina – as of today the Bureau of Prisons report no active cases of COVID-19. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed October 8, 2020). Although this may be cold comfort when considering that COVID-19 can spread like wildfire in a BOP facility, the absence of COVID-19 at Rivers, however, provides some small reassurance that currently Cardona-Pinto does not face the kind of imminent danger were COVID detected in the facility.

However, even if this Court were to find that Cardona-Pinto has demonstrated "extraordinary" circumstances, the Court concludes that release is not warranted when considering the § 3553(a) factors.  Cardona-Pinto was involved in a substantial drug trafficking enterprise.  For his part, Cardona-Pinto facilitated the sale of over a kilogram of heroin.  Accordingly, he was facing a guidelines sentence of 46 to 57 months' incarceration.  He received a substantial variance of 30 months' incarceration and was sentenced not too long ago.  The Court at that time imposed the sentence as sufficient but not greater than necessary to achieve all purposes of sentencing.  More to the point, nothing in the present record convinces this Court that a lesser sentence would constitute just punishment, reflect the seriousness of the offense, afford sufficient deterrence, or promote respect for the law, even when considering the specific health characteristics of Cardona-Pinto amidst the pandemic.

This decision does not in any way trivialize Cardona-Pinto's real concerns about his health and living situation.  And should circumstances change for Cardona-Pinto during the remaining incarceration term, the Court invites counsel to make such information available to the Court immediately.  But on this record, the Court cannot conclude that reducing Cardona-Pinto's sentence even further is supportable.  *Cf. United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release [.]").

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 87) is accordingly DENIED.

Dated: October 8, 2020                             /S/
                                                    Paula Xinis
                                                    United States District Judge